UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Calvin Travis Lassiter**             **Docket No. 5:16-CR-200-1FL**

**Petition for Action on Supervised Release**

COMES NOW Lakesha H. Wright, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Calvin Travis Lassiter, who, upon an earlier plea of guilty to Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on March 9, 2017[1], to the custody of the Bureau of Prisons for a term of 42 months. It was further ordered that upon release from imprisonment, the defendant be placed on supervised release for a period of 3 years.

Calvin Travis Lassiter was released from custody on May 3, 2019, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

As noted in the Presentence Report, Lassiter previously sustained a state conviction of Indecent Liberties With a Child. As such, as a special condition of supervised release, the defendant was ordered by the court to participate in a sex offender treatment program as directed by the U.S. Probation Officer, and comply with and abide by all rules, requirements, and conditions of the treatment program until discharged. Lassiter was also ordered to take medication as prescribed by the treatment provider.

On July 22, 2019, the defendant underwent a psycho-sexual evaluation with sex offender treatment provider, Helen Varnadoe, in Roanoke Rapids, North Carolina. On August 18, 2019, Ms. Varnadoe concluded her evaluation and recommended that Lassiter participate in bi-weekly sessions of individual sex offender treatment. She also recommended that the sex offender-related conditions noted below be added to meet the specific needs of Lassiter and to aid in his supervision. The defendant signed a Waiver of Hearing agreeing to the proposed modifications of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

2. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.

---

[1] The original Judgment and Commitment Order, which was also entered on March 9, 2017, was amended to reflect removal of the defendant's sex offender registration condition. It is noted that defense counsel filed an objection to the sex offender registration requirement, and at sentencing, the court heard arguments on the issue, but made no ruling. Lassiter is currently registered as a sex offender in Hertford County, North Carolina, pursuant to requirements of the North Carolina Sex Offender and Public Protection Registration Program.

3. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

4. The defendant shall have no direct or indirect contact, at any time and for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

5. The defendant shall not loiter within 1,000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

6. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

7. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

/s/ Lakesha H. Wright
Lakesha H. Wright
U.S. Probation Officer
306 East Main Street, Room 306
Elizabeth City, NC 27909-7909
Phone: 252-335-5508
Executed On: August 27, 2019

## ORDER OF THE COURT

Considered and ordered this 27th day of August, 2019, and ordered filed and made a part of the records in the above case.

*Louise V. Flanagan*
Louise W. Flanagan
U.S. District Judge